UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WHITE,<br><br>  Plaintiff,<br><br>  v.<br><br>DITECH FINANCIAL, LLC; and DOES 1 through 50, inclusive,<br><br>  Defendants. | No. 2:18-cv-1583 DB<br><br><br>ORDER |

This action came before the court on August 3, 2018, for hearing of defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] (ECF No. 25.) Attorney Jamil White appeared on behalf of the plaintiff and attorney Joshua Bryan appeared on behalf of the defendant. After hearing oral argument, defendant's motion was taken under submission.

For the reasons stated below, this matter is remanded to the Sacramento County Superior Court.

////

////

---

[1] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 9.)

1

BACKGROUND

Plaintiff Charles White, proceeding through counsel commenced this action on April 11, 2018, by filing a complaint in the Sacramento County Superior Court. (Compl. (ECF No. 1) at 8.[2]) According to the allegations found in plaintiff's complaint, in November of 2017, plaintiff became delinquent on the payment of property taxes to the County of Sacramento. (Id. at 10.) Plaintiff immediately contacted the County of Sacramento and established a repayment plan. (Id.) The repayment plan called for plaintiff to make two installment payments of $2,168.23, and plaintiff made those payments. (Id.)

However, unbeknownst to plaintiff, defendant Ditech Financial LLC, ("Ditech"), also paid the County of Sacramento $2,168.23 on plaintiff's behalf. (Id.) The County of Sacramento, however, discovered defendant's erroneous payment and refunded defendant the payment of $2,168.23. (Id.) Defendant, however, has "demanded $2,168.23 from the Plaintiff." (Id.) Moreover, defendant has alleged plaintiff is "behind on his mortgage," and changed plaintiff's monthly mortgage payment because of the dispute. (Id.)

Pursuant to these allegations, the complaint asserts state law causes of action for wrongful foreclosure, breach of contract, breach of the implied covenant of good faith and fair dealing, negligent misrepresentation, negligence, and violation of California Business and Professions Code § 17200, *et. seq*. (Id. at 11-17.) On May 30, 2018, defendant removed this action to this court based on alleged diversity jurisdiction. (Id. at 2.)

On June 8, 2018, defendant filed the pending a motion to dismiss pursuant to Rule 12(b)(6). (ECF No. 6.) Plaintiff filed an opposition on June 28, 2018. (ECF No. 8.) The parties appeared before the court on August 3, 2018, for the hearing of defendant's motion to dismiss. (ECF No. 13.)

ANALYSIS

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re

Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Here, plaintiff's complaint does not specify the amount of damages sought. (Compl. (ECF No. 11) at 18-19.) "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 683 (9th Cir. 2006). Defendant argues that this court has diversity jurisdiction over this action because the parties are citizens of different states and because "it is far 'more likely than not' that the amount in controversy exceeds $75,000." (Def.'s Not. Rem. (ECF No. 1) at 2) (quoting Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)).

In this regard, defendant argues:

> "In actions seeking declaratory relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. [Citation.] If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation." Hunt v. Wast St. Apple Adver. Comm'n (1977) 432 U.S. 333, 347; see also Garfinkle v. Wells Fargo Bank 483 F.2d 1074, 1076 (9th Cir. 1973.) Here, Plaintiff references the Deed of Trust dated on or about September 29, 2014 in the amount of $232,175.00. (See Complaint, Paragraph 6; Exhibit 4 attached hereto) Accordingly, the amount in controversy clearly exceeds the $75,000 threshold.

(Def.'s Not. Rem. (ECF No. 1) at 2.)

However, "federal district courts recognize a narrow exception to the general rule governing the amount in controversy requirement for foreclosure actions: when there is no actual foreclosure pending, and the plaintiff seeks only to enjoin possible foreclosure proceedings, the value of the property or the loan is not the proper measure of the amount in controversy." Lopez v. JPMorgan Chase Bank, N.A., Case No. SACV 15-2030 JVS (JCGx), 2016 WL 320105, at *3 (C.D. Cal. Jan 25, 2016); see also Dalby v. Ditech Financial LLC, 285 F.Supp.3d 1092, 1095 (D. Alaska, 2018) ("[i]n cases where it is not apparent from the face of the complaint that a plaintiff is seeking to prevent the ultimate sale of the subject property at a foreclosure sale[,] courts have concluded that the value of the property does not determine the amount in controversy"); Vonderscher v. Green Tree Servicing, LLC, No. 2:13-cv-0490 MCE EFB, 2013 WL 1858431, at *3 (E.D. Cal. May 2, 2013) ("[T]he fact that Plaintiffs' complaint includes

mention of foreclosure, and indeed seeks to enjoin a potential foreclosure, is not dispositive of whether the loan amount establishes the amount in controversy for purposes of diversity jurisdiction.").

Here, it is not apparent that an actual foreclosure is pending. In fact, defendant's motion to dismiss asserts that the complaint does not even mention the filing of a notice of default. (Def.'s MTD (ECF No. 6) at 9.) The complaint does make the vague allegation that plaintiff "stands at risk of losing his family home by means of wrongful foreclosure." (Compl. (ECF No. 1) at 11.)

However, the factual allegations of the complaint simply allege that on March 9, 2018, plaintiff received a letter from defendant stating that plaintiff was "behind on his mortgage," and that defendant "had the right to invoke foreclosure[.]" (Id.) Plaintiff commenced this action on April 11, 2018. (Id. at 8.) Moreover, at the August 3, 2018 hearing, defense counsel acknowledged that it was unclear if plaintiff was alleging a pending foreclosure and conceded that it would be appropriate to remand this matter if no foreclosure was pending.[3]

Under these circumstances, the court cannot find that the defendant has satisfied its burden of establishing that the amount in controversy requirement has been met.

## CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that this matter is remanded to the Sacramento County Superior Court due to a lack of subject matter jurisdiction.[4]

Dated: November 30, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.consent/white1583.remand.ord

---

[3] It seems to the court that defendant would have some insight as to if there was a pending foreclosure.

[4] Because the court lacks jurisdiction over this matter, the court cannot rule on defendant's motion to dismiss.

5